NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 4 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARCIA GABRIELA ZEA PACHAO;
LUIS MIGUEL ALIAGA GRIJALVA; A.
K. A. Z.; M. A. A. Z.,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 25-1307

Agency Nos.
A240-412-691
A240-412-690
A240-412-692
A240-412-697

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 1, 2025[**]
San Francisco, California

Before: R. NELSON, COLLINS, and VANDYKE, Circuit Judges.

Marcia Zea Pachao, Luis Grijalva, and their minor children M.Z. and A.Z.

(Petitioners) petition for review of the Board of Immigration Appeals' (BIA)

decision affirming the Immigration Judge's (IJ) denial of the adult Petitioners'

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). [1] We have jurisdiction under 8 U.S.C. § 1252(a). We deny the petition.

"Where, as here, the BIA cites *Burbano* and also provides its own review of the evidence and law, we review both the IJ's and the BIA's decisions." *Rudnitskyy v. Garland*, 82 F.4th 742, 746 (9th Cir. 2023) (quoting *Ali v. Holder*, 637 F.3d 1025, 1028 (9th Cir. 2011)). But this does not extend to the parts of the IJ's decision the BIA declined to adopt. *Joseph v. Holder*, 600 F.3d 1235, 1239 (9th Cir. 2010). We review legal questions de novo, and factual findings for substantial evidence. *Smith v. Garland*, 103 F.4th 663, 666 (9th Cir. 2024); *Antonio v. Garland*, 58 F.4th 1067, 1072 (9th Cir. 2023). Under the latter standard, "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Substantial evidence supports the agency's denial of asylum and withholding of removal on the ground that the adult Petitioners had failed to establish a nexus between the harms they alleged and the protected statutory grounds. *See Umana-Escobar v. Garland*, 69 F.4th 544, 551 (9th Cir. 2023) ("A nexus between the harm

---

[1] The child Petitioners did not file separate applications for relief, but are instead listed as derivative beneficiaries on their parents' applications for asylum. *See Ali v. Ashcroft*, 394 F.3d 780, 782 n.1 (9th Cir. 2005) (stating that, unlike asylum, withholding of removal and relief under the Convention Against Torture "may not be derivative").

and a protected ground is a necessary element of asylum and withholding of removal."). The agency reasonably concluded that the criminals who targeted the adult Petitioners' business were motivated only by general criminality. Thus, the agency permissibly denied asylum and withholding of removal.

The agency likewise reasonably concluded that the adult Petitioners are ineligible for CAT relief. To support their claim for CAT relief, the adult Petitioners had to show that, if removed back to Peru, it is more likely than not that they would be tortured by a public official or that public officials would acquiesce in that torture. *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748, 751 (9th Cir. 2022). The agency permissibly found that the adult Petitioners had not met this bar and thus could not make the requisite showing for CAT relief. The adult Petitioners argue that the Peruvian police failed to resolve their issues within a reasonable timeline, but the agency reasonably rejected this argument. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014). Thus, the agency permissibly concluded that the adult Petitioners are ineligible for CAT relief.

Finally, Petitioners were not denied the right to counsel. If an applicant for asylum does not waive his or her right to counsel, an IJ "must provide [the petitioner] with reasonable time to locate counsel and permit counsel to prepare for the hearing." *Arrey v. Barr*, 916 F.3d 1149, 1158 (9th Cir. 2019) (alteration in original) (quoting *Biwot v. Gonzales*, 403 F.3d 1094, 1098–99 (9th Cir. 2005)). Petitioners'

first merits hearing took place about 13 months after their first Immigration Court hearing, giving them adequate time to find counsel. And they were given three continuances during which time they could have retained counsel. Petitioners must be diligent in their efforts to retain counsel, and Petitioners have not shown how they would have been able to secure counsel if given more time. *See Contra Usubakunov v. Garland*, 16 F.4th 1299, 1306 (9th Cir. 2021).

**PETITION DENIED.**